**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GEORGANN CASSANO, and similarly situated individuals,** | |
| Plaintiff, | |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **PARADE MANAGEMENT LIMITED LIABILITY COMPANY a/k/a PARADE ENTERPRISES, LLC, a/k/a BURGER KING, and all other affiliated entities and/or joint employers and BHARAT DESAI, individually, MAHESH PATEL, individually, and BHAVESH PATEL, individually,** | **Civil Case No.:** |
| | **Jury Trial Demanded** |
| Defendants. | |

Named Plaintiff GEORGANN CASSANO ("Cassano" or "Plaintiff") on behalf of herself and all others similarly situated, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants PARADE MANAGEMENT LIMITED LIABILITY COMPANY a/k/a PARADE ENTERPRISES, LLC, a/k/a BURGER KING, and all other affiliated entities and/or joint employers ("Parade" or Defendants) and BHARAT DESAI, individually, MAHESH PATEL, individually, and BHAVESH PATEL, individually (collectively "Parade Defendants") and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a

1

et seq. ("NJWHL").

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23.

3. Beginning in approximately 2009, and continuing through approximately November, 2016, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Named Plaintiff has initiated this action on behalf of herself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt restaurant duties for the Defendants in New Jersey and based from several of the Defendants' location in Union County, New Jersey. Defendants are therefore within the

jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage restaurants, which purchase materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Further the Named Plaintiff regularly processed credit cards, and communicated with others out of the State of New Jersey. Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Named Plaintiff Cassano is an adult individual who is a resident of Clark, New Jersey.

11. Named Plaintiff Cassano was employed by Defendants full time as a restaurant worker with the title manager, performing duties in furtherance of Defendants' business, specifically, burger making, cleaning, cash register responsibilities, and dishwashing, from in or about 2009, through in or about November, 2016.

12. Plaintiff Cassano worked in both Defendants' Roselle Park restaurant, as well as the Elizabeth restaurant.

**Corporate Defendants**

13. Parade is a New Jersey corporation, formed in or about 2003, with their principal offices located at 105 White Oak Lane, Suite 201-B, Old Bridge, NJ, 08857.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

15. Upon information and belief, Individual Defendant Bharat Desai is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bharat Desai has been an owner, partner, officer and/or manager of the Defendant Parade

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bharat Desai has had power over personnel decisions at the Defendant Parade's business.

18. Defendant Bharat Desai was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, Individual Defendant Mahesh Patel is a New Jersey state resident.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Mahesh Patel has been an owner, partner, officer and/or manager of the Defendant Parade.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Mahesh Patel has had power over personnel decisions at the Defendant Parade's business.

22. Defendant Mahesh Patel was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as

well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, Individual Defendant Bhavesh Patel is a New Jersey state resident.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bhavesh Patel has been an owner, partner, officer and/or manager of the Defendant Parade.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bhavesh Patel has had power over personnel decisions at the Defendant Parade's business.

26. Defendant Bhavesh Patel was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

27. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

28. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

29. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

30. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

31. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

32. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

33. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

34. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurants.

35. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

37. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

38. Plaintiffs' claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

39. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

<u>FACTS</u>

40. Based upon the information preliminarily available, and subject to discovery, beginning in approximately 2009, and continuing to November, 2016, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their restaurant business, including but not limited to, sandwich making, cleaning, cash register responsibilities, and dishwashing.

41. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

42. Named Plaintiff was given the title of Manager.

43. Defendants improperly classified Named Plaintiff and members of the putative class as "exempt"; refusing to pay Named Plaintiff and similarly situated employees overtime for the hours that they worked in a work week in excess of forty (40) hours.

44. Named Plaintiff's duties were the same as those employees that she allegedly supervised.

45. The majority of Named Plaintiff's time at work, included, but was not limited to, washing dishes, handling the cash register, making sandwiches, and cleaning tables.

46. Named Plaintiff Cassano was generally paid the same amount each week, earning approximately $800.00 per week, however, this amount varied occasionally.

47. Named Plaintiff Cassano routinely worked five (5) days per week.

48. Named Plaintiff worked approximately fifty-five (55) hours per week.

49. Defendants did not properly keep track of Named Plaintiff's time in any way.

50. Named Plaintiff rarely, if ever, worked less than forty (40) hours in a workweek.

51. Regardless of the number of hours that Named Plaintiff worked each week, Defendants generally improperly paid her the same salary of $800.00 per week.

52. Named Plaintiff was not paid time and one half for her hours over forty (40) in a workweek.

53. Upon information and belief, employees similarly situated to Named Plaintiff were also only compensated for forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

54. Named Plaintiff attended training sessions in several other of Defendants' restaurant locations throughout New Jersey. These meetings were run by management, who instructed managers similarly situated to Named Plaintiff on Parade's time and pay policies, among other things.

55. The other managers present at these training sessions, discussed their day to day duties, as are more fully set forth above, their complaints relating to their unpaid overtime, as well as Defendants' unfair time and pay practices.

56. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

57. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

58. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

59. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

60. Named Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

61. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

62. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

63. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

64. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

65. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

66. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

67. Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

68. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

69. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: May 5, 2018                    Respectfully submitted,

 /s/ Andrew I. Glenn_____
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New
Jersey Bar No.:  026491992
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative*
*Class*